BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:11-MC-00021-LKK-KJN |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $400,720.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $294,967.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $3,073.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $399,940.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $200,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulations for Consent Judgment of Forfeiture, the Court finds:

1.     On or about October 27, 2010, agents with the Drug Enforcement Administration ("DEA") seized the defendants Approximately $400,720.00 in U.S. Currency, Approximately $294,967.00 in U.S. Currency, Approximately $3,073.00 in U.S. Currency, and Approximately $200,000 in U.S. Currency in Tracy and Nipomo,

1 California pursuant to federal search warrants and seized the defendant Approximately $399,940.00 in U.S. Currency in Manteca, California pursuant to a probation search (hereafter "defendant currency"). The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about December 22, 2010, the DEA received claims from Lonnie Terrell asserting an ownership interest in all of the defendant currency.

2. The United States represents that it could show at a forfeiture trial that on October 27, 2010, DEA agents executed federal search warrants at houses in Tracy, Stockton and Manteca, California. These locations were connected by surveillance and records to a six-person marijuana grow conspiracy led by Lonnie Terrell. During the searches, agents seized marijuana grow equipment, over 2,000 marijuana plants, and over $1 million in cash from locations associated with co-defendants Lonnie Terrell, Anthony Montano, Alex Lindberg, Jeremy Terrell, Nicholas Roman, and Ruth Jimenez. Each of these individuals was linked to the conspiracy through surveillance and/or post-arrest statements. In addition, each of the marijuana grow locations contained similar electrical bypasses and other modifications to allow for growing marijuana and were also connected to the conspiracy through law enforcement surveillance and other records.

3. The United States could further show at trial that during the execution of the search warrants, Lonnie Terrell and Ruth Jimenez were found inside 2921 Compton Place, Tracy, California. When agents entered 2921 Compton Place they saw Lonnie Terrell, who appeared to be holding an object in his hand, disappear behind a partition. Agents arrested Terrell and found a Kimber .45 caliber semi-automatic pistol, serial number K226769, laying on the floor in the place where he had been standing moments before. Agents also found 898 marijuana plants, one additional firearm, and several hundred thousand dollars in cash at 2921 Compton Place. Both Ruth Jimenez and Lonnie Terrell had been seen by surveillance at other grow locations, including, on

several prior occasions; at a 287 plant marijuana grow in Manteca, California.

4. The United States could further show at trial that during the execution of the search warrants, Jeremy Terrell was found inside 3117 Ormonde Street in Tracy, California, along with co-defendant Montano and one other individual. The house contained 284 marijuana plants. Jeremy Terrell had also been observed by law enforcement on previous occasions performing duties consistent with the cultivation and harvesting of indoor marijuana in conjunction with other members of the conspiracy.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the truth of the factual assertions contained above, Lonnie Terrell, Ruth Jimenez, and Jeremy Terrell specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Lonnie Terrell, Ruth Jimenez, and Jeremy Terrell agree that an adequate factual basis exists to support forfeiture of the defendant currency. Lonnie Terrell acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Lonnie Terrell shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of duly executed Stipulations for Consent Judgment of Forfeiture.

///

///

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulations for Consent Judgment of Forfeiture entered into by and between the parties.

11. All right, title, and interest of Lonnie Terrell, Ruth Jimenez, John Crane, Sue Crane, and Jeremy Terrell in the following defendant currency, plus any accrued interest, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

   a. Approximately $400,720.00 in U.S. Currency,
   b. Approximately $294,967.00 in U.S. Currency,
   c. Approximately $3,073.00 in U.S. Currency,
   d. Approximately $399,940.00 in U.S. Currency, and
   e. Approximately $200,000 in U.S. Currency.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: June 17, 2013.

*LAWRENCE K. KARLTON*
SENIOR JUDGE
UNITED STATES DISTRICT COURT

Consent Judgment of Forfeiture